# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, for the use of EXCELSIOR ELEVATOR, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONSTRUCTION CONCEPTS, INC. et al, <br><br> Defendant. <br> _____ / | CASE NO. CV F 05-1527 OWW LJO <br><br> **ORDER ON PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES AND DOCUMENT PRODUCTION** |

Plaintiff moves to compel defendant Construction Concepts, Inc. and defendant Safeco Insurance Co. to answer interrogatories and requests for production of documents. Plaintiff also asks for $975 in sanctions. No timely opposition has been filed pursuant to Local Rule 37-251. Therefore, the hearing set for August 25, 2006 was vacated and the matter was hereby submitted on the pleadings. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

A subcontract was signed between Plaintiff and Defendant to take out an old elevator and install a new elevator, elevator piston (underground) at the Naval Facilities Eng. Command, China Lake; to do so, a bigger hole was needed but after opening up the shaft, an old piston was leaking underground and extra work (environmental report, clean up, extended monitoring) was required. Extended time was needed to complete work due to discovery of changed conditions. Plaintiff did the work and has not been fully paid.

Defendants claim they are entitled to an offset for delay damages caused by Plaintiff's late

1 completion of work. As to the claim for extended monitoring, this was work already covered by the
2 original contract or a previous change order; or alternatively was not approved by defendant as to cost
3 or service at any time and is therefore not recoverable.

## ANALYSIS & DISCUSSION

### Discovery Standard

Parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." F.R.Civ.P. 26(b)(1).

### Compelling Interrogatory Responses

The party answering interrogatories must furnish "such information as is available to the party." F.R.Civ.P. 33(a). F.R.Civ.P. 33(b)(1) requires interrogatories to be answered "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Interrogatory answers must be "signed by the person making them, and the objections signed by the attorney making them." F.R.Civ.P. 33(b)(2). The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." F.R.Civ.P. 33(b)(5).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to interrogatories "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

The interrogatories consist of 21 questions that ask defendants to identify facts, persons with knowledge, and documents related to the claims in the case. The first set of interrogatories propounded is reasonable.

No response has ever been served on plaintiff. Defendants make no attempt to explain their failure to respond to and disregard of plaintiff's legitimate discovery. Plaintiff is entitled to complete, straightforward answers, without objections, to the interrogatories.

**Compelling Document Production**

F.R.Civ.P. 34(a) permits a requesting party to ask for documents "which are in the possession, custody or control of the party upon whom the request is served." Rule 34(b) states that "The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Rule 34(b) also requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request. F.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." Fed.R.Civ.P. 34(b).

The documents requests consist of 41 requests asking for construction project documents, and documents related to defendants' 27 affirmative defenses. No response to the Request and no document production have been provided. The Requests are appropriate and therefore should be compelled to be produced.

**Request for Sanctions**

Plaintiff requests $975 in sanctions against both defendants jointly and severally. The sanctions are for 5 hours for attorney time in preparing this motion, including one hour of time for the hearing on the motion, at $195 per hour.

If a motion to compel discovery responses is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action . . . or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(a)(4)(A). The burden is on the losing party to affirmatively demonstrate that its position was substantially justified. F.R.Civ.P.

37(a)(4), Advisory Comm. Notes (1970).

Plaintiff ignored defendants' attempts to obtain interrogatory responses without this Court's order to compel. No circumstances appear to render unjust an award of plaintiff's expenses for its motion to compel. The hourly rate and number of hours are reasonable, except only 4 hours of time will be awarded because a hearing will be unnecessary in this motion. Sanctions are $780.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to compel as follows:

1. To ORDER defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., no later than 10 days from the service of this order, to serve complete, straightforward answers, without objections, to plaintiff's interrogatories; and

2. To ORDER defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., no later than 10 days from the service of this order, to serve complete, straightforward responses, without objections, and produce documents in response to plaintiff's request for production of documents; and

3. To GRANT the request for sanctions against defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., jointly and severally, in the amount of $780 payable within 30 days from the service of this order.

IT IS SO ORDERED.

**Dated:   August 22, 2006**            **/s/ Lawrence J. O'Neill**
b9ed48                                   UNITED STATES MAGISTRATE JUDGE

4