# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of EXCELSIOR ELEVATOR, INC. <br><br> Plaintiff, <br><br> v. <br><br> CONSTRUCTION CONCEPTS, INC., etc., et al., <br><br> Defendants. | Case No. 1:05-cv-01527 OWW TAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND AWARDING SANCTIONS <br><br> (Doc. 31) |

Plaintiff moves to compel defendants Construction Concepts, Inc. ("CCI") and Safeco Insurance ("Safeco") to provide without objection answers to interrogatories and responses to requests for production of documents. Plaintiff also requests an order compelling defendant CCI's Fed.R.Civ.P. 30(b) designee to appear to complete his deposition. Plaintiff also requests an order requiring defendants CCI and Safeco to pay $750 to plaintiff within 10 days, and to pay and additional $780 within 30 days. No timely opposition has been filed pursuant to Local Rule 37-251. Therefore, the hearing set for in this matter was vacated and the motion was deemed submitted on the pleadings. The court has read and considered the moving papers, as well as the court's file, and issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a construction dispute among plaintiff, defendant CCI, and the latter's bonding company - defendant Safeco. Plaintiff and defendant CCI entered into a subcontract wherein plaintiff agreed to remove an existing elevator and install a new elevator and an

1

underground elevator piston. During the course of the job, plaintiff discovered that a piston was leaking , which in turn required extra work and additional time to complete the work. Plaintiff has performed the extra work, but has not been paid for it. Defendant CCI claims an offset for delay damages.

On August 2, 2006, plaintiff moved to compel responses to special interrogatories and document requests propounded upon defendants CCI and Safeco. (Docs. 18 - 24). On August 23, 2006, the Honorable Lawrence J. O' Neill granted plaintiff's motion and ordered both defendants to provide without objection, compete discovery responses within 10 days from the service of the court's order, and to pay to plaintiff the sanctions of $780 within 30 days from the service of the order. (Doc. 27) . The court's electronic docket in this action reflects that the court's order was served on August 23, 2006. (Doc. 27). The court takes judicial notice of the docket entry and the date of service reflected therein.

Defendants CCI and Safeco failed to provide discovery responses within 10 days as ordered. Instead, defendant CCI served discovery responses on September 22, 2006, and defendant Safeco served discovery responses on October 10, 2006. Defendants' counsel forwarded an $800 check to plaintiff's counsel on September 22, 2006. Accordingly, CCI's discovery responses were more than two weeks late, and Safeco's discovery responses was more than one month late. The only explanation that either defendant provided for failing to meet the Court's deadline, was  defense counsel's statement that defendant Safeco's person most knowledgeable had been vacationing.

On July 28, 2006, plaintiff commenced the deposition of defendant CCI's person most knowledgeable. Fed. R. Civ. P. 30(b). Plaintiff was unable to conclude the deposition on July 28 because defendant CCI failed to produce documents it had been requested to produce. Counsel for plaintiff and defendants agreed to resume the deposition at a mutually convenient date and time. Defendant CCI failed to respond to plaintiff's request to resume the deposition, and thereafter failed to produce its Fed. R.Civ.P. 30(b)(6) designee for  deposition.

2

**ANALYSIS AND DISCUSSION**

1. **Discovery Standard.**

Parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1).

2. **Compelling Interrogatory Responses.**

A party answering interrogatories must furnish "such information as is available to the party." Fed.R.Civ.P. 33(a); Fed. R. Civ. P. 33(b)(1). Rule 33(b)(1) requires that interrogatories be answered "separately and fully in writing under oath, unless it is objected to in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Interrogatory answers must be "signed by the person making them, and the objections signed by the attorney making them." Fed. R.Civ. P. 33(b)(2). The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." Fed. R. Civ. P. 33(b)(5). Failure to object to discovery requests in a timely fashion constitutes a waiver of any objection. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)(citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Failure to respond to interrogatories "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order." Fed. R.Civ. P. 37(d). Providing a evasive or incomplete disclosure, answer, or response is the equivalent of providing no disclosure, answer, or response. Fed. R. Civ, Proc. 37(a)(3).

In this instance, defendant CCI has not explained why it failed to respond to discovery in a timely fashion, and defendant Safeco's excuse for its untimely discovery responses was that its person most knowledgeable was "on vacation." Defendant Safeco's claim that its person most knowledgeable was "on vacation" does not excuse or justify Safeco's more than one-month delay in complying with the Court's order. Plaintiff is entitled to an order compelling all of the

///

3

1  discovery it requested, including the interrogatories - which have already been deemed
2  reasonable and legitimate. (Doc. 27).

3  **3. Compelling Document Production.**

4  Rule 34(a) of the Federal Rules of Civil Procedure permits a requesting party to ask for
5  documents "which are in the possession, custody, or control of the party upon whom the request
6  is served." Rule 34(b) states that "[t]he request shall set forth, either by individual item or by
7  category, the items to be inspected, and describe each with reasonable particularity." Rule 34(b)
8  also requires a written response to a request for production to "state, with respect to each item or
9  category, that inspection and related activities will be permitted as requested unless the request is
10 objected to...." A party is required to produce all specified relevant and nonprivileged
11 documents or other things which are in its "possession, custody or control" on the date specified
12 in the request,." Fed. R. Civ. P. 34(a); Norman Rockwell Int'l. Corp. v. H. Wolfe Iron & Metal
13 Co., 576 F.Supp. 511, 412 (W.D. Pa. 1983). The propounding party may seek an order for
14 further disclosure regarding any objection to or other failure to respond to the request or any part
15 thereof, or any failure to permit inspections requested. Fed. R. Civ. Proc. 34(b).

16 In this instance, defendants have not explained why they failed to respond to discovery in
17 a timely fashion, after having been ordered to respond by the court. Plaintiff is entitled to an
18 order compelling all of the discovery it requested, including plaintiff's requests for production of
19 documents - which have already been deemed appropriate. (Doc. 27).

20 **4. Person Most Knowledgeable Deposition.**

21 Rule 30(b)(6) of the Federal Rules ov Civil Procedure authorizes the depositions of
22 "persons most knowledgeable." The rule provides that a party may "...name as the deponent a
23 public or private corporation ... and describe with reasonable particularity the matters on which
24 examination is requested. In that event, the organization so named shall designate one or more
25 officer, directors, or managing agents, or other persons who consent to testify on its behalf, and
26 may set forth, for each person designated, the matters on which the person will testify.... The
27
28                                                4

persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

In this instance, plaintiff has the right to depose the person(s) most knowledgeable for defendant CCI. There is no evidence that defendants objected to the form or substance of the notice of deposition, or the location or fact of the deposition, and there is no evidence of impropriety with respect to plaintiff's conduct of the deposition. Therefore, the deposition of defendant CCI's person most knowledgeable will be compelled.

**5. Request for Sanctions.**

Plaintiff requests a joint and several award of sanctions against defendant CCI and Safeco in the sum of $780. The sanctions requested are for four hours for attorney time in preparing this motion, plus one hour of time for the hearing on the motion, at $195 per hour. Plaintiff, understandably exasperated by defendants' failure to comply with discovery requests and orders, also asks the court to fashion an appropriate remedy to compel discovery responses and allow plaintiff to file an amended complaint, or in the absence of discovery responses, to strike the defendants' answers and enter default judgments against them.

If a motion to compel discovery is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith to fort to obtain the . . . discovery without court action. . . or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). The burden is on the losing party to affirmatively demonstrate why its opposition was substantially justified. Fed. R. Civ. P. 37(a)(4).

Defendants CCI and Safeco have repeatedly ignored plaintiff's attempts to obtain timely interrogatory responses and timely responses to requests for production of documents, failed to comply with the discovery deadlines imposed by the court, and ignored plaintiff's requests to

5

complete the deposition of defendant Safeco's person most knowledgeable.  There are no circumstances that appear to render unjust an award of plaintiff's expenses for this motion to compel.  The hourly rate and the time incurred are reasonable, except that only four hours of time will be awarded because a motion hearing is unnecessary. The court awards sanctions of $780 against defendants CCI and Safeco and in favor of plaintiff.

With respect to plaintiff's request for an order striking defendants' answers and entering default judgments against them if they fail to provide discovery, the court acknowledges its discretion to fashion appropriate orders in instances where a party fails to obey an order to provide or permit discovery, as well as the logic of the conditional-order remedy suggested by plaintiff. However, the court also takes into account that it appears that defendants CCI and Safeco have provided discovery responses, although they were inexcusably late, and have complied with at least a portion of the prior discovery order. <u>Fed. R. Civ. P. 37(b)(2)</u>.  After considering the totality of the circumstances, the court concludes that monetary sanctions and an admonishment are appropriate, and declines (at this time) to recommend to the District Judge assigned to this case that an order be issued conditionally striking defendants' answers and entering defendants' default judgments.

**Defendants CCI and Safeco and their counsel are admonished that in the event defendant CCI and/or defendant Safeco fail to comply with this Order in any fashion, a recommendation will made to the District Judge assigned to this case that issue and/or terminating sanctions be issued against defendant CCI and/or defendant Safeco, as the case may be, for failure to obey a court order under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Such sanctions may include an order striking the defendants' answers and entering default judgments against them.[1]**

---

[1] Pursuant to Fed.R.Civ.P. 37(b)(2), if a party "fails to obey an order or provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:
    A.  Designate facts as established;
    B.  Refuse to allow the disobedient party to support or oppose designated claims or defenses, or prohibit the disobedient party from introducing designated matters in evidence;

**CONCLUSION AND ORDERS**

For the forgoing reasons, the Court GRANTS plaintiff's motion to compel and for monetary sanctions (Doc. 31), and makes the following ORDERS:

1. Within 10 days from the date of service of this Order, defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., are to serve complete, straightforward answers, without objections, to plaintiff's's interrogatories.

2. Within 10 days from the date of service of this Order, defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., are to serve complete, straightforward responses, without objections, to plaintiff's requests for production of documents.

3. Within 10 days from the date of service of this Order, defendant Construction Concepts, Inc. and defendant Safeco Insurance Co., are to produce all documents in their possession, custody and control, as described in plaintiff's requests for production of documents.

4. Within 15 days from the date of service of this Order, or upon such later date as Plaintiff shall reasonably designate in writing, defendant Construction Concepts, Inc. shall produce its person(s) most knowledge for a deposition at a location designated in writing by plaintiff's counsel, and shall bring to such deposition all documents previously requested by plaintiff.

5. Plaintiff's request for monetary sanctions against defendants Construction Concepts, Inc. and Safeco Insurance Co., is GRANTED in the amount of $780, and this sanction award is

///
///
///
///
///

---

    C.   Strike out pleadings or parts thereof, stay further proceedings until an order is obeyed, or dismiss an action, proceeding or any part thereof; or render judgment by default; and
    D.   Treat the failure to obey as a contempt of court.

1  joint and several.  Accordingly, within 10 days from the date of service of this order, defendant
2  Construction Concepts, Inc. and defendant Safeco Insurance Co., shall pay to plaintiff the sum of
3  $780.

5  IT IS SO ORDERED.

6  Dated:   **November 8, 2006**  
   **j6eb3d**                                                 **/s/ Theresa A. Goldner**  
                                                                                     UNITED STATES MAGISTRATE JUDGE